IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RICHARD DWAYNE EARNHARDT,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration,

    Defendant.

Case No. 16-CV-513-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Richard Dwayne Earnhardt, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's December 4, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held January 7, 2015. By decision dated February 25, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 2, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 59 years old on the alleged date of onset of disability and 61 on the date of the ALJ's denial decision. He has a high school education. Plaintiff has worked as a self-employed brush painter, which he continued to do after the date of alleged onset of disability. [R. 213, 218]. He claims to have been unable to work since November 13, 2013 as a result of chronic obstructive pulmonary disease (COPD), hypertension and heart problems, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to lift and/or carry, push and/or pull 50 pounds occasionally and 25 pounds frequently, stand for 6 hours in an 8-hour workday, sit for 8 hours in an 8-hour workday, and should avoid exposure to fumes, dust, odors, toxins, gases, and poor ventilation. [R. 17]. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether

a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ's rejection of the opinion of his treating physician, Dr. Wooster, is not supported by substantial evidence.

## **Analysis**

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Plaintiff's treating physician, Dr. Wooster, completed a Residual Functional Capacity Questionnaire wherein he opined that Plaintiff could sit 60 minutes at a time for a total of 4 hours per workday, he could stand/walk 60 minutes at a time for a total of one hour per workday, and could never lift 50 pounds, could occasionally lift 20 pounds, and could frequently lift up to 10 pounds. Dr. Wooster checked a box signifying that Plaintiff had no limitations in doing repetitive reaching, handling or fingering, then he contradicted himself by indicating Plaintiff could only grasp, turn, or twist objects with his hands and reach with his arms 50% of the day, and could perform fine manipulation 75% of the time. Dr. Wooster also opined that Plaintiff was not physically capable of working an 8 hour day for

five days a week on a sustained basis. [R. 341, 342]. The ALJ stated he gave the opinion of Dr. Wooster little weight:

> I do not find the restriction placed by Dr. Wooster credible. The intensity of treatment does not indicate the need for such great restrictions and is not consistent with the objective medical evidence (Exhibit 6F). The claimant's function report shows the claimant is not as restricted as noted in Dr. Wooster's assessment of his residual functional capacity (Exhibits 4E and 6F).

[R. 22]. Plaintiff argues that the ALJ did not provide specific or legitimate reasons for the little weight he afforded Dr. Wooster's opinion. Plaintiff asserts that the ALJ did not explain how the intensity of treatment is contrary to Dr. Wooster's limitations, and did not explain what evidence supports the ALJ's assertion that Dr. Wooster's opinion is not consistent with medical evidence. Plaintiff also suggests that the ALJ did not actually review Dr. Wooster's records since the ALJ did not mention that Dr. Wooster's records are hard to read.

The undersigned finds no reason to doubt that the ALJ reviewed Dr. Wooster's records. Where, as in this case, the ALJ indicates he has considered all the evidence, [R. 13, 15, 17, 18], the court takes the ALJ at his word. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009), *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). In this case the ALJ's discussion of the evidence demonstrates that he adequately considered Dr. Wooster's records.

The reasons the ALJ supplied for rejecting Dr. Wooster's opinion are legitimate reasons and are supported by substantial evidence. Dr. Wooster's records reflect that he treated Plaintiff for shortness of breath (bronchitis and COPD). On July 18, 2013, before the alleged onset of disability, tenderness of the neck was recorded, [R. 318]. There are no other observations by Dr. Wooster of other types of skeletal soreness or complaints.

There is nothing in the record to suggest that Plaintiff has any limitation in the ability to use his hands.  Plaintiff does not even allege such a limitation.  In fact, on several instances Dr. Wooster marked that the inspection/palpation of digits was within normal limits.  [R. 308, 310, 332].  Likewise, there is nothing within Dr. Wooster's records to suggest any limitation in Plaintiff's ability to sit.  The undersigned was able to follow the ALJ's reasoning which applied appropriate factors and is supported by substantial evidence.[2]

The ALJ's RFC for medium work is supported by the opinions of the state agency medical consultants who reviewed Plaintiff's medical records and opined that Plaintiff is capable of performing medium work with some environmental limitations.  [R. 66-69, 81-82].  Although the ALJ is not bound by the findings made by the state agency medical or psychological consultants, the Commissioner's regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence.  20 C.F.R. § 404.1527(e)(2)(I); 20 C.F.R. § 416.927(e)(2)(I).

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the opinion of Plaintiff's treating doctor in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the weight the ALJ afforded that opinion.  Accordingly, the undersigned United

---

[2] The court would benefit from a more thorough explanation of the ALJ's reasons for the weight he gave Dr. Wooster's opinions.  Because of the particular relevance and importance of the opinions of treating doctors to a disability decision, the undersigned strongly recommends that all ALJ's give thorough explanations of their treatment of these opinions.  In this case, the undersigned is able to discern the basis of the ALJ's reasoning in the decision's thorough and accurate summary of the evidence.

States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 2, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 19th day of July, 2017.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6