IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RICHARD DWAYNE EARNHARDT, )
                                        )
                Plaintiff, )           Case No. 16-CV-513-JED-FHM
v. )
                                        )
NANCY A. BERRYHILL, [1] )
Acting Commissioner of the Social )
Security Administration, )
                                        )
                Defendant. )

**OPINION AND ORDER**

Before the Court is the Report & Recommendation (R&R) (Doc. 17) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff disability benefits. Judge McCarthy recommends that the Court affirm the Commissioner's decision finding the plaintiff not disabled. Plaintiff filed a timely Objection to the R&R (Doc. 18), requesting that the Court remand the case for a new hearing and decision (*id.* at 6). Reviewing the Objection de novo, the Court has considered the Administrative Record (Doc. 12), the parties' briefs, the R&R, plaintiff's Objection, and the Commissioner's Response, and concludes that the Commissioner's determination should be affirmed and the R&R should be accepted.

Plaintiff raises a single proposition of error in his Objection, arguing that the "ALJ's finding that plaintiff could perform medium work was not supported by substantial evidence." (Doc. 18 at 2). That statement of error is different than raised by plaintiff on appeal, which listed

---

[1]      Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court Clerk is directed to substitute Nancy A. Berryhill as the defendant in this matter in place of former Commissioner Carolyn W. Colvin.

the single issue as: the ALJ's "rejection of treating physician Dr. Wooster's opinion is not supported by substantial evidence." (Doc. 13 at 5). In his Objection, he now acknowledges that "the decision to dismiss Dr. Wooster's opinion may have been supported by substantial evidence," but he argues that "the finding that plaintiff was capable of medium work was not supported by substantial evidence." (Doc. 18 at 5). Not only has his position shifted between his initial appeal briefing and his Objection to the R&R, but most of plaintiff's Objection is premised upon a challenge to the ALJ's credibility analysis with respect to plaintiff's subjective complaints (*see id.* at 5-6 of 7), *which was not raised in his opening brief on appeal* (*see* Doc. 14). Specifically, plaintiff faults Judge McCarthy for "forgiv[ing] considerable errors in the ALJ's adverse credibility analysis" (Doc. 18 at 5), but plaintiff did not raise the credibility analysis in his appeal briefing before Judge McCarthy (*see* Doc. 14). Plaintiff therefore waived those arguments. *See, e.g., Collins v. Colvin*, 640 F. App'x 698, (10th Cir. 2016) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court will not consider those waived arguments regarding the ALJ's credibility determination as to plaintiff's subjective complaints.

Further, the ALJ's decision that plaintiff could perform medium work is supported by substantial record evidence. The ALJ considered and accurately summarized Dr. Wooster's records (*see* Doc. 12 at 21-23 of 345-346) and explained the basis for according his statement of restrictions "little weight" (*id.* at 25 of 345). The ALJ explained the weight afforded as follows:

> The intensity of treatment does not indicate the need for such great restrictions [referenced by Dr. Wooster] and is not consistent with the objective medical evidence (Exhibit 6F). The claimant's function report shows the claimant is not as restricted as noted in Dr. Wooster's assessment of his residual functional capacity (Exhibits 4E and 6F).

(*Id.*).  The ALJ's evaluation of Dr. Wooster's assessment is consistent with applicable legal standards, and the ALJ's RFC finding of medium work is supported by substantial record evidence, including the records of the medical consultants.  (*See id.* at 73, 86 of 345).

Accordingly, the Court overrules plaintiff's Objection (Doc. 18).  The Court **accepts** the R&R (Doc. 17) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed. Accordingly, the Commissioner's decision is **affirmed**. A separate Judgment will be entered forthwith.

DATED this 21st day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE